1
2
3
4
5
6
7
8                     **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    UNITED STATES OF AMERICA,                    Case No.:  10-CR-3668-W

12                                Plaintiff,

13    v.                                           **ORDER DENYING MOTION TO**
                                                   **REDUCE SENTENCE [DOCS. 143,**
14    DAVID KINH DUC TRAN,                         **153]**

15                                Defendant.

16

17          On February 25, 2013, this Court sentenced Defendant David Kinh Duc Tran to

18    420 months imprisonment for Sexual Exploitation of a Child in violation of 18 U.S.C. §

19    2251(c) and (e).  Defendant now moves for a reduction in sentence under 18 U.S.C. §

20    3582(c)(1)(A), arguing that his age, hypertension, Hepatitis C, asthma and anemia make

21    him particularly vulnerable to becoming seriously ill from COVID-19.

22          18 U.S.C. § 3582(c) provides that a defendant may bring a motion only after he has

23    "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to

24    bring a motion on his behalf.  Defendant has satisfied the exhaustion requirement and the

25    Court has jurisdiction and for the reasons below **DENIES** Defendant's motion.

26          Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of

27    imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the

28    court finds that "extraordinary and compelling reasons warrant such a reduction" and

1

1  "such a reduction is consistent with applicable policy statements issued by the Sentencing

2  Commission."  The United States Sentencing Commission ("USSG") recognizes that

3  certain medical conditions may constitute an "extraordinary and compelling reason"

4  warranting a reduction in sentenced under § 3582.  See USSG § 1B1.13.  However,

5  application note 1(A) limits a reduction for medical conditions to "terminal illness" or if

6  the defendant is:

7         (I) suffering from a serious physical or medical condition,
          (II) suffering from a serious functional or cognitive impairment, or
8         (III) experiencing deteriorating physical or mental health because of
          the aging process,
9

10        that substantially diminishes the ability of the defendant to provide self-care
          within the environment of a correctional facility and from which he or she is
11        not expected to recover.

12

13 U.S.S.G. § 1B1.13, cmt. n.1(A)(i)-(ii).

14        Defendant's medical ailments do not meet these limitations.  Defendant is 64 years

15 old.  His hypertension is not one of the conditions identified by the CDC as increasing a

16 person's risk for developing serious illness from COVID-19.  Bureau of Prisons (BOP)

17 medical records reveal that Defendant refuses to take medication for his manageable

18 hypertension.  The CDC recently revised its assessment of people with "moderate to

19 severe" asthma from "are at increased risk" for severe illness to a lower tier of "might be

20 at increased risk."  BOP records indicate Defendant's Hepatitis C is "stable" and that he

21 is "symptom free."  Finally, there is no evidence Defendant's anemia or other medical

22 conditions are not being professionally managed.

23        The mere potential to contract COVID-19, which threatens every non-immune

24 person in the country, does not alone provide a basis for a sentence reduction.[1]  The BOP

25

26

27

28 [1] As of April 5, 2021, Petersburg Medium FCI, the facility where Defendant is housed, had 9 active
   inmate COVID-19 cases out of an inmate population of 1,502.  See https://www.bop.gov/coronavirus/.

10-CR-3668-W

1  has a lengthy and detailed protocol addressing social distancing, hygienic and cleaning

2  protocols, and the quarantining and treatment of symptomatic inmates.

3       The Court must also consider 18 U.S.C. § 35553(a) factors in deciding whether

4  compassionate release would be appropriate.  Section 3553(a) provides that the

5  sentencing court must impose a sentence that is "sufficient, but not greater than necessary

6  … (A) to reflect the seriousness of the offense, to promote respect for law, and to provide

7  just punishment for the offense; (B) to afford adequate deterrence to criminal conduct;

8  (C) to protect the public from further crimes of the defendant; and (D) to provide the

9  defendant with needed educational or vocational training, medical care, or other

10 correctional treatment in the most effective manner[.]"  18 U.S.C. § 3553(a)(2)(A)-(D).

11 These factors counsel against Defendant's release.  The nature of Defendant's offense, in

12 conjunction with his criminal history, indicate he would be a danger to the community if

13 released from custody prior to his full term.

14      Based on the foregoing, Defendant is not eligible for a sentence reduction due to

15 extraordinary and compelling reasons under the USSG policy statement.

16      **IT IS SO ORDERED**.

17 Dated:  April 8, 2021

18

19                      Hon. Thomas J. Whelan

20                      United States District Judge

21

22

23

24

25

26

27

28

10-CR-3668-W